**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50444 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00249-JFW-1 |
| v. | |
| ALEXANDER GUERRA DE LEON, AKA Eddy Alexander Deleon, AKA Alexander Eddie Guerra, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 11, 2013
Pasadena, California

Before: RAWLINSON and BYBEE, Circuit Judges, and SIMON, District Judge.[**]

Defendant Alexander Guerra De Leon (Guerra) was found illegally in the

United States after having previously been deported, and was charged with

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Michael H. Simon, District Judge for the U.S. District Court for the District of Oregon, sitting by designation.

violating 8 U.S.C. § 1326(a). Guerra pled guilty without the benefit of a fast-track plea agreement, and was sentenced to twenty-four months imprisonment and to three years supervised release. Guerra has timely appealed his sentence. We affirm the sentence of the district court.

First, the district court did not plainly err in commenting that Guerra would benefit from rehabilitative treatment in prison. *Tapia* permits the district court to "discuss[] the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs," and the district court's comments did not exceed these permissible bounds by in any way indicating that it modified its sentence so as to provide Guerra with prison rehabilitation. *Tapia v. United States*, 131 S. Ct. 2382, 2392–95 (2011).

Second, the district court did not abuse its discretion in sentencing Guerra to a twenty-four month sentence, which falls at the low end of the applicable Guidelines range. The district court adequately and fully considered the section 3553 factors in determining this sentence. *See* 18 U.S.C. § 3553(a). That this sentence is inconsistent with the sentence of a defendant offered a fast-track plea agreement does not create an unwarranted sentencing disparity. *See United States v. Marcial-Santiago*, 447 F.3d 715, 717–18 (9th Cir. 2006) (rejecting the argument that the defendants' sentences were impermissibly inconsistent with the sentence of

similarly-situated defendants who received fast-track dispositions); *cf. United States v. Treadwell*, 593 F.3d 990, 1011–12 (9th Cir. 2010) (asserting that "[t]he mere fact that Treadwell can point to a defendant convicted at a different time of a different fraud and sentenced to a term of imprisonment shorter than Treadwell's does not create an 'unwarranted' sentencing disparity").

Finally, the district court did not plainly err by imposing a three-year term of supervised release. Because the district court could have reasonably concluded that supervised release "would provide an added measure of deterrence and protection [of the public] based on the facts and circumstances of [Guerra's] particular case," supervised release was here appropriate under the Sentencing Guidelines. U.S.S.G. § 5D1.1, cmt. n.5.

AFFIRMED.